1  KAREN P. HEWITT
   United States Attorney
2  DOUGLAS KEEHN
   Assistant U.S. Attorney
3  California State Bar No. 233686
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Phone: (619) 557-6549
   Fax: (619) 235-2757
6
   Attorneys for Plaintiff
7  United States of America

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11
   UNITED STATES OF AMERICA,       )  Criminal Case No. 08CR1902-WQH
12                                  )
              Plaintiff,            )  RESPONSE AND OPPOSITION TO
13                                  )  DEFENDANT'S MOTIONS TO:
              v.                    )
14                                  )  (1)  COMPEL DISCOVERY;
   ROBERTO FELIX-ROCHIN,           )  (2)  PRESERVE EVIDENCE; AND
15                                  )  (3)  GRANT LEAVE FOR FURTHER MOTIONS
              Defendant.            )
16                                  )  GOVERNMENT'S MOTIONS
                                    )
17                                  )  Date:  July 21, 2008
                                    )  Time: 2:00 p.m.
18  _____  )  Court: The Hon. William Q. Hayes

19           COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

20  United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Douglas Keehn, and hereby

21  files its Response and Opposition to Defendant's Motions to Compel Discovery, to Preserve

22  Evidence, and For Leave to File Further Motions.  This Response and Opposition is based upon

23  the files and records of this case, together with the attached Statement of Facts, Memorandum of

24  Points and Authorities, as well as the Government's Motion for Reciprocal Discovery.

25  //

26  //

27  //

28  //

1

**I**

2

**STATEMENT OF FACTS**

3

    **A. Statement of the Case**

4

       On June 11, 2008, a federal grand jury handed up a one-count Indictment charging

5

Defendant Roberto Felix-Rochin with being a Deported Alien Found in the United States in

6

violation of Title 8, United States Code, Section 1326(a) and (b). The Indictment also alleges

7

that Defendant was removed from the United States subsequent to January 6, 2000.  Defendant

8

entered a "not guilty" plea before the magistrate court on June 12, 2008.

9

    **B. Statement of Facts**

10

       **1. Defendant's Arrest**

11

       On May 30, 2008, at approximately 11:00 a.m., United States Border Patrol Agent (BPA)

12

T. Barrientos responded to a call from the Boulevard Border Patrol Station that a sports-utility

13

vehicle had picked up suspected illegal immigrants on Interstate Eight, heading eastbound in his

14

vicinity.  BPA Barrientos presently saw a vehicle matching the description he had received.  BPA

15

Barrientos initiated a vehicle stop on the suspect vehicle and identified himself as a Border Patrol

16

Agent.  Defendant was among the passengers in the vehicle.  BPA Barrientos conducted an

17

immigration field interview whereupon Defendant stated that he was a citizen of the Republic of

18

Mexico and was without legal documents permitting him to enter and remain in the United States.

19

Defendant was subsequently taken into custody and transported to the El Centro Border Patrol

20

station for processing.

21

       At the station, Defendant's biographical and biometric data were entered into law

22

enforcement databases, revealing Defendant's criminal history and that Defendant had been

23

previously removed from the United States.

24

       **2. Defendant's Statements**

25

       At approximately 1:01 p.m. BPA Ivan Mendez advised Defendant of his rights under

26

Miranda. Defendant indicated he understood those rights, and waiving those rights again admitted

27

he was a citizen of the Republic of Mexico without legal permission to enter and remain in the

28

United States. Defendant further admitted that he had been previously deported.  Defendant stated

1  that he had made entry into the United States by walking across the international boundary near

2  Tecate, California, and that he had intended to reside and seek employment in Calexico, California.

3  **C. Defendant's Criminal History**

4  On January 6, 2000, Defendant was convicted in the State of California, Oakland Superior

5  Court, for a violation of Penal Code Section 261, Rape by Force or Fear, for which he was

6  sentenced to eight years in prison.

7  **II**

8  **MOTIONS TO COMPEL DISCOVERY**

9  The Government has provided Defendant with 40 pages of discovery, the complaint and

10  statement of facts, reports from the apprehending agents, Defendant's prior conviction documents

11  and a DVD.

12  With respect to Defendant's discovery motions, the Constitution requires the Government

13  to preserve evidence "that might be expected to play a significant role in the suspect's defense."

14  California v. Trombetta, 467 U.S. 479, 488 (1984). To require preservation by the Government,

15  such evidence must (1) "possess an exculpatory value that was apparent before the evidence was

16  destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable

17  evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d

18  1104, 1113-14 (9th Cir. 2001). The Government will make every effort to preserve evidence it

19  deems to be relevant and material to this case. Any failure to gather and preserve evidence,

20  however, would not violate due process absent bad faith by the Government that results in actual

21  prejudice to the Defendant. See Illinois v. Fisher, 540 U.S. 544 (2004) (per curiam); Arizona v.

22  Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir.

23  2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

24  **(1) Defendant's Statements**

25  The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

26  provide to Defendant the substance of Defendant's oral statements and Defendant's written

27  statements. The Government has produced all of the Defendant's statements that are known to the

28  undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or

1   written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such

2   statements will be provided to Defendant.

3       The Government has no objection to the preservation of the handwritten notes taken by any

4   of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents

5   must preserve original notes of interviews of an accused or prospective government witnesses).

6       However, the Government objects to providing Defendant with a copy of the rough notes

7   at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of

8   those notes have been accurately reflected in a type-written report. See United States v. Brown,

9   303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule

10  16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor

11  discrepancies" between the notes and a report). The Government is not required to produce rough

12  notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined

13  18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a

14  witness' assertion, and (2) have been approved or adopted by the witness. United States v.

15  Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute

16  "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035,

17  1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were

18  scattered and all the information contained in the notes was available in other forms). The notes

19  are not Brady material because the notes do not present any material exculpatory information, or

20  any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at

21  595-96 (rough notes were not Brady material because the notes were neither favorable to the

22  defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71

23  (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was

24  insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable

25  under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

26      **(2) Arrest reports, notes, dispatch tapes, audio/video recordings**

27      The Government has provided Defendant with all known reports related to Defendant's

28  arrest in this case that are available at this time. The Government will continue to comply with its

1  obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the

2  Government has no objection to the preservation of the agents' handwritten notes, but objects to

3  providing Defendant with a copy of the rough notes at this time because the notes are not subject

4  to disclosure under Rule 16, the Jencks Act, or <u>Brady</u>. The Government is presently unaware nor

5  in possession of dispatch tapes relating to the Defendant's arrest in this case.  In addition, the

6  Government has already discovered a copy of the Report of Investigation for Defendant's case.

7        Because there is no evidence in this case that video surveillance was employed in this case,

8  that information is not discoverable.  The location all permanent remote surveillance devices is

9  also not discoverable.  Absent any showing of specific relevance and discoverable value, or that

10  the information is exculpatory, the motion should be denied.

11  **(3) <u>Brady</u> Material**

12        The Government has and will continue to perform its duty under <u>Brady</u> to disclose material

13  exculpatory information or evidence favorable to Defendant when such evidence is material to

14  guilt or punishment. The Government recognizes that its obligation under <u>Brady</u> covers not only

15  exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on

16  behalf of the Government. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>United States</u>

17  <u>v. Bagley</u>, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not

18  requested by the defense. <u>Bagley</u>, 473 U.S. at 682; <u>United States v. Agurs</u>, 427 U.S. 97, 107-10

19  (1976). "Evidence is material, and must be disclosed (pursuant to <u>Brady</u>), 'if there is a reasonable

20  probability that, had the evidence been disclosed to the defense, the result of the proceeding would

21  have been different.'" <u>Carriger v. Stewart</u>, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final

22  determination of materiality is based on the "suppressed evidence considered collectively, not item

23  by item." <u>Kyles v. Whitley</u>, 514 U.S. 419, 436-37 (1995).

24        <u>Brady</u> does not, however, mandate that the Government open all of its files for discovery.

25  <u>See</u> <u>United States v. Henke</u>, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under <u>Brady</u>, the

26  Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence

27  (<u>see</u> <u>United States v. Smith</u>, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the

28  defendant from other sources (<u>see</u> <u>United States v. Bracy</u>, 67 F.3d 1421, 1428-29 (9th Cir. 1995));

1    (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380,

2    389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the

3    undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or

4    control over. (See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does

5    Brady require the Government "to create exculpatory evidence that does not exist," United States

6    v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply

7    a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d

8    432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the

9    defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand

10   for this information is premature.

11   **(4)  Information That May Result in a Lower Sentence Under the Guidelines**

12   The Government has provided and will continue to provide the defendants with all Brady

13   material that may result in mitigation of Defendant's sentence.  Nevertheless, the Government is

14   not required to provide information bearing on Defendant's sentence until after Defendant's

15   conviction or guilty plea and prior to his sentencing date.  See United States v. Juvenile Male, 864

16   F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the

17   defendants at a time when the disclosure remains in value").

18   **(5) Defendant's Prior Record**

19   The Government has already provided Defendant with a copy of any criminal record in

20   accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

21   **(6) Proposed 404(b) (and 609) Evidence**

22   Should the Government seek to introduce any "similar act" evidence pursuant to Federal

23   Rules of Evidence 404(b) or 609(b), the Government will provide Defendant with notice of its

24   proposed use of such evidence and information about such bad act at or before the time the

25   Governments' trial memorandum is filed. The Government reserves the right to introduce as prior

26   act evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.

27   **(7) Evidence Seized**

28   The Government has complied and will continue to comply with Rule 16(a)(1)(c) in

allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or are intended for use by the Government as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The Government, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**(8) Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy any tangible objects seized that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(9) Evidence of Bias or Motive To Lie**

The Government is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(10) Impeachment Evidence**

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(11) Evidence of Criminal Investigation of Any Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United

States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(c) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

**(12) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth-Telling**

The Government is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling. The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection or ability to communicate. The Government objects to providing any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

**(13) Witness Addresses**

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its

1  case-in-chief, although delivery of such a witness list is not required. <u>See</u> <u>United States v. Discher</u>,

2  960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).

3       The Government objects to any request that the Government provide a list of every witness

4  to the crimes charged who will not be called as a Government witness. "There is no statutory basis

5  for granting such broad requests," and a request for the names and addresses of witnesses who will

6  not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." <u>United States v. Hsin-</u>

7  <u>Yung</u>, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting <u>United States v. Boffa</u>, 513 F. Supp. 444, 502

8  (D. Del. 1980)). The Government is not required to produce all possible information and evidence

9  regarding any speculative defense claimed by Defendant. <u>Wood v. Bartholomew</u>, 516 U.S. 1, 6-8

10  (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery

11  of admissible exculpatory evidence are not subject to disclosure under <u>Brady</u>).

12       Defendant has also requested the names and last known addresses of every possible witness

13  to the crime alleged and of any overt acts committed in furtherance of the crime alleged.  Again,

14  absent a showing that the information is actually discoverable under Rule 16 or is exculpatory,

15  Defendant is not entitled to the information and his motion should be denied.

16       **(14) Names of Witnesses Favorable to the Defendant**

17       The Government willll comply with its obligations under <u>Brady</u> and its progeny. At the

18  present time, the Government is not aware of any witnesses who have made an arguably favorable

19  statement concerning Defendant.

20       **(15) Statements Relevant to the Defense**

21       Again, the Government will comply with all of its discovery obligations. However, "the

22  prosecution does not have a constitutional duty to disclose every bit of information that might

23  affect the jury's decision; it need only disclose information favorable to the defense that meets the

24  appropriate standard of materiality." <u>Gardner</u>, 611 F.2d at 774-775 (citation omitted).  Specifically,

25  Defendant has requested copies of the grand jury transcripts.  As with many of Defendant's

26  requests, Defendant has failed to demonstrate that the information is actually discoverable under

27  Rule 16, or that it is exculpatory.  For these reasons, the motion should be denied.

28  //

**(16) Jencks Act Material**

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(17) Giglio Information**

As stated previously, the Government will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

**(18) Reports of Scientific Tests or Examinations**

The Government is not aware of any scientific tests or examinations at this time but, if any scientific tests or examinations were conducted or are conducted in the future, the Government will provide Defendant with any reports of any such tests or examinations in accordance with Rule 16(a)(1)(F).

**(19) Henthorn Material**

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets

1    the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir.

2    2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned

3    Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel

4    files is "material," the information will be submitted to the Court for an in camera inspection and

5    review.

6            **(20) Informants and Cooperating Witnesses**

7            If the Government determines that there is a confidential informant who has information

8    that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of

9    a cause," the Government will either disclose the identity of the informant or submit the

10    informant's identity to the Court for an in-chambers inspection. See Roviaro v. United States, 353

11    U.S. 53, 60- 61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

12            **(21) Expert Witnesses**

13            The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

14    summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

15    of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include

16    expert witnesses' qualifications, expert witnesses' opinions, and the bases and reasons for those

17    opinions.

18            **(22) Personnel Records of Government Officers Involved in the Arrest**

19            The Government objects to Defendant's requests that the Government reveal all citizen

20    complaints, and internal affair inquiries into the inspectors, officers, and special agents who were

21    involved in this case, regardless of whether the complaints or inquiries are baseless or material and

22    regardless of whether the Government intends to call inspectors, officers, and special agents to

23    testify.  As previously noted, the Government will comply with Henthorn and disclose to

24    Defendant all material incriminating information regarding the testifying Government inspectors,

25    officers, and special agents.

26            **(23)  Training of Relevant Law Enforcement Officers**

27            The Government objects to providing Defendant with a copy of all policies, training

28    instructions, and manuals issued by all law enforcement agencies involved in this case.  The

1    requested policies, training instructions, and manuals are irrelevant and do not fall within the scope

2    of Rule 16, or any other statutory or Constitutional disclosure provision.  Even if one or more of

3    the inspectors, officers, or special agents violated his or her own administrative regulations,

4    guidelines, or procedures, such violations would not result in the exclusion of evidence if

5    Defendant's Constitutional and statutory rights were not violated in this case.  United States v.

6    Caceres, 440 U.S. 741, 744 (1979); United States v. Hinton, 222 F.3d 664 (9th Cir. 2000).

7        **(24) Names and Contact Information for All Agents in the Field at the Time of Arrest**

8        Again, the Government has already provided Defendant with the reports containing the

9    names of the agents involved in the apprehension and interviews of Defendant.  In his Motion

10   Defendant additionally requests the name and contact information of every "agent to the crime or

11   crimes charged... who will not be called as a Government witness."  Defendant's Motions to

12   Compel Discovery, 9 (emphasis original).  Insofar as "agent to the crime" refers to co-defendants,

13   Defendant is the sole defendant charged in this matter and that request is moot.

14       The Government also objects to a request including a list of agency-affiliated non-

15   witnesses to the crime charged who will consequently not be called as witnesses.  "There is no

16   statutory basis for granting such broad requests," and a request for the names and addresses of

17   witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United

18   States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513

19   F. Supp. 444, 502 (D. Del. 1980)).  The Government is not required to produce all possible

20   information and evidence regarding any speculative defense claimed by Defendant.  Wood v.

21   Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are

22   not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure

23   under Brady).  Again, absent a showing that the information is actually discoverable under Rule

24   16 or is exculpatory, Defendant is not entitled to the information and his motion should be denied.

25       **(25)    Agreements Between the Government and Witnesses**

26       An agreement that the Government makes with a witness for testimony in exchange for

27   money or in exchange for favorable treatment in the criminal justice system is generally subject

28   to disclosure as impeachment evidence under Brady and Giglio.  See United States v. Kojayan,

1   8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002).

2    As stated above, the Government will provide any Giglio information in connection with this case

3   no later than two weeks prior to trial.

4           **(26) Residual Request**

5           The Government will comply with all of its discovery obligations, but objects to the broad

6   and unspecified nature of Defendant's residual discovery request.

7           **(27) A-File**

8           The Government will produce documentation regarding any removals and/or proceedings

9   that the Government intends to introduce at trial.  Additionally, the Government does not object

10  to setting up a viewing of the discoverable portion of Defendant's A-file at a time that is mutually

11  convenient for the parties.  However, the Government objects to providing the defendant with the

12  entire A-file as Defendant has requested in his motion because the A-file contains attorney work

13  product and other information that is not discoverable.  Moreover, this information is equally

14  available to Defendant through a Freedom of Information Act request.  Even if Defendant could

15  not ascertain the A-File through such a request, the A-File is not Rule 16 discoverable information.

16  The A-File contains information that is not discoverable like internal government documents and

17  witness statements. See Fed. R. Crim. P. 16(a)(2).  Witness statements would not be subject to

18  production until after the witness for the Government testifies and provided that a "motion" is

19  made by Defendant. See Fed. R. Crim. P. 16(a)(2) and 26.2.  Thus, the A-File associated with

20  Defendant need not be disclosed.   The Government has produced and will continue to produce

21  documents it intends to use in its case-in-chief. Evidence is material under Brady only if there is

22  a reasonable probability that had it been disclosed to the defense, the result of the proceeding

23  would have been different. See United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).

24  However, Defendant has not shown how documents in the A-File are material.  Finally, Defendant

25  does not own the A-File.  It is an agency record.  See United States v. Loyola-Dominguez, 125

26  F.3d 1315 (9th Cir. 1997) (noting that A-File documents are admissible as public records).

27          **(28) Request for Preservation of Evidence**

28          After issuance of a an order from the Court, the Government will preserve all evidence

to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United States objects to Defendant's blanket request to preserve all physical evidence. The United States has complied and will continue to comply with Rule 16(a)(1)(c) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

### III

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

### IV

### GOVERNMENT'S MOTIONS

#### A. Government Motion For Fingerprint Exemplars

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints).  Because the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated.  See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)).  Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting");

1    Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence

2    of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth

3    Amendment).

4    **B. Government's Motion to Compel Reciprocal Discovery**

5    **1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief**

6    Since the Government will honor Defendant's request for disclosure under Rule

7    16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant

8    to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and

9    photograph any and all books, papers, documents, photographs, tangible objects, or make

10   copies or portions thereof, which are within the possession, custody, or control of Defendant

11   and which Defendant intends to introduce as evidence in his case-in-chief at trial.

12   The Government further requests that it be permitted to inspect and copy or photograph

13   any results or reports of physical or mental examinations and of scientific tests or experiments

14   made in connection with this case, which are in the possession and control of Defendant, which

15   he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness

16   whom Defendant intends to call as a witness. The Government also requests that the Court

17   make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the

18   Government receives the reciprocal discovery to which it is entitled.

19   **2. Reciprocal Jencks: Statements By Defense Witnesses**

20   Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

21   production of the prior statements of all witnesses, except a statement made by Defendant.

22   The time frame established by Rule 26.2 requires the statements to be provided to the

23   Government after the witness has testified.  However, to expedite trial proceedings, the

24   Government hereby requests that Defendant be ordered to provide all prior statements of

25   defense witnesses by a reasonable date before trial to be set by the Court.  Such an order

26   should include any form in which these statements are memorialized, including but not limited

27   to, tape recordings, handwritten or typed notes and reports.

28   / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V

## <u>CONCLUSION</u>

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motions for reciprocal discovery and to compel a fingerprint exemplar.

DATED: July 16, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Douglas Keehn*
DOUGLAS KEEHN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

1
UNITED STATES DISTRICT COURT

2
SOUTHERN DISTRICT OF CALIFORNIA

3
UNITED STATES OF AMERICA,       )   Criminal Case No. 08CR1902-WQH

4
                     Plaintiff,  )

5
                     v.         )   CERTIFICATE OF SERVICE

6
ROBERTO FELIX-ROCHIN,       )

7
                   Defendant.  )

8

9
IT IS HEREBY CERTIFIED THAT:

10
      I, Douglas Keehn, am a citizen of the United States and am at least eighteen years of

11
age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12
      I am not a party to the above-entitled action.  I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY,**

13
**PRESERVE EVIDENCE AND GRANT LEAVE TO FILE FURTHER MOTIONS;**
**GOVERNMENT'S MOTIONS** on the following parties by electronically filing the foregoing

14
with the Clerk of the District Court using its ECF System, which electronically notifies them.

15
     **KRIS J. KRAUS**
     Federal Defenders of San Diego

16
     225 Broadway Suite 900
     San Diego, CA 92101-5008

17
     (619)234-8467
     Email: Kris_Kraus@fd.org

18
     *Attorney for Defendant*

19
      I hereby certify that I have caused to be mailed the foregoing, by the United States

20
Postal Service, to the following non-ECF participants on this case:

     None

21
the last known address, at which place there is delivery service of mail from the United States

22
Postal Service.

      I declare under penalty of perjury that the foregoing is true and correct.

23

24
     Executed on July 16, 2008

25

26
                 /s/ *Douglas Keehn*
                 DOUGLAS KEEHN

27

28