| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | DOUGLAS KEEHN |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. 233686 |
| | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Phone: (619) 557-6549 |
| | Fax: (619) 235-2757 |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1902-WQH |
| | ) | |
| Plaintiff, | ) | **RESPONSE AND OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTIONS TO:** |
| v. | ) | |
| | ) | **(1) COMPEL DISCOVERY;** |
| ROBERTO FELIX-ROCHIN, | ) | **(2) PRESERVE EVIDENCE; AND** |
| | ) | **(3) GRANT LEAVE FOR FURTHER MOTIONS** |
| Defendant. | ) | |
| | ) | **GOVERNMENT'S MOTIONS** |
| | ) | |
| | ) | Date: July 21, 2008 |
| | ) | Time: 2:00 p.m. |
| | ) | Court: The Hon. William Q. Hayes |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Douglas Keehn, and hereby files its Response and Opposition to Defendant's Motions to Compel Discovery, to Preserve Evidence, and For Leave to File Further Motions. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts, Memorandum of Points and Authorities, as well as the Government's Motion for Reciprocal Discovery.

//

//

//

//

**I**

**STATEMENT OF FACTS**

**A. Statement of the Case**

On June 11, 2008, a federal grand jury handed up a one-count Indictment charging Defendant Roberto Felix-Rochin with being a Deported Alien Found in the United States in violation of Title 8, United States Code, Section 1326(a) and (b). The Indictment also alleges that Defendant was removed from the United States subsequent to January 6, 2000. Defendant entered a "not guilty" plea before the magistrate court on June 12, 2008.

**B. Statement of Facts**

**1. Defendant's Arrest**

On May 30, 2008, at approximately 11:00 a.m., United States Border Patrol Agent (BPA) T. Barrientos responded to a call from the Boulevard Border Patrol Station that a sports-utility vehicle had picked up suspected illegal immigrants on Interstate Eight, heading eastbound in his vicinity. BPA Barrientos presently saw a vehicle matching the description he had received. BPA Barrientos initiated a vehicle stop on the suspect vehicle and identified himself as a Border Patrol Agent. Defendant was among the passengers in the vehicle. BPA Barrientos conducted an immigration field interview whereupon Defendant stated that he was a citizen of the Republic of Mexico and was without legal documents permitting him to enter and remain in the United States. Defendant was subsequently taken into custody and transported to the El Centro Border Patrol station for processing.

At the station, Defendant's biographical and biometric data were entered into law enforcement databases, revealing Defendant's criminal history and that Defendant had been previously removed from the United States.

**2. Defendant's Statements**

At approximately 1:01 p.m. BPA Ivan Mendez advised Defendant of his rights under Miranda. Defendant indicated he understood those rights, and waiving those rights again admitted he was a citizen of the Republic of Mexico without legal permission to enter and remain in the United States. Defendant further admitted that he had been previously deported. Defendant stated

that he had made entry into the United States by walking across the international boundary near Tecate, California, and that he had intended to reside and seek employment in Calexico, California.

### C. Defendant's Criminal History

On January 6, 2000, Defendant was convicted in the State of California, Oakland Superior Court, for a violation of Penal Code Section 261, Rape by Force or Fear, for which he was sentenced to eight years in prison.

## II

## MOTIONS TO COMPEL DISCOVERY

The Government has provided Defendant with 40 pages of discovery, the complaint and statement of facts, reports from the apprehending agents, Defendant's prior conviction documents and a DVD.

With respect to Defendant's discovery motions, the Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001). The Government will make every effort to preserve evidence it deems to be relevant and material to this case. Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the Government that results in actual prejudice to the Defendant. See Illinois v. Fisher, 540 U.S. 544 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

**(1) Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or

written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve original notes of interviews of an accused or prospective government witnesses).

However, the Government objects to providing Defendant with a copy of the rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

**(2) Arrest reports, notes, dispatch tapes, audio/video recordings**

The Government has provided Defendant with all known reports related to Defendant's arrest in this case that are available at this time. The Government will continue to comply with its

obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the Government has no objection to the preservation of the agents' handwritten notes, but objects to providing Defendant with a copy of the rough notes at this time because the notes are not subject to disclosure under Rule 16, the Jencks Act, or Brady. The Government is presently unaware nor in possession of dispatch tapes relating to the Defendant's arrest in this case. In addition, the Government has already discovered a copy of the Report of Investigation for Defendant's case.

Because there is no evidence in this case that video surveillance was employed in this case, that information is not discoverable. The location all permanent remote surveillance devices is also not discoverable. Absent any showing of specific relevance and discoverable value, or that the information is exculpatory, the motion should be denied.

**(3) Brady Material**

The Government has and will continue to perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the Government. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995));

1   (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380, 389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. (See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does Brady require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

**(4)   Information That May Result in a Lower Sentence Under the Guidelines**

The Government has provided and will continue to provide the defendants with all Brady material that may result in mitigation of Defendant's sentence. Nevertheless, the Government is not required to provide information bearing on Defendant's sentence until after Defendant's conviction or guilty plea and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the defendants at a time when the disclosure remains in value").

**(5) Defendant's Prior Record**

The Government has already provided Defendant with a copy of any criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

**(6) Proposed 404(b) (and 609) Evidence**

Should the Government seek to introduce any "similar act" evidence pursuant to Federal Rules of Evidence 404(b) or 609(b), the Government will provide Defendant with notice of its proposed use of such evidence and information about such bad act at or before the time the Governments' trial memorandum is filed. The Government reserves the right to introduce as prior act evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.

**(7) Evidence Seized**

The Government has complied and will continue to comply with Rule 16(a)(1)(c) in

allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or are intended for use by the Government as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The Government, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**(8) Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy any tangible objects seized that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(9) Evidence of Bias or Motive To Lie**

The Government is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(10) Impeachment Evidence**

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(11) Evidence of Criminal Investigation of Any Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United

1   States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that
2   the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(c) to supply a
3   defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542
4   F.2d at 1026).

5   The Government will, however, provide the conviction record, if any, which could be used
6   to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such
7   information, disclosure need only extend to witnesses the Government intends to call in its case-in
8   chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607
9   F.2d 1305, 1309 (9th Cir. 1979).

10  **(12) Evidence Affecting Perception, Recollection, Ability to Communicate, or**
11  **Truth-Telling**

12  The Government is unaware of any evidence indicating that a prospective witness has a
13  problem with perception, recollection, communication, or truth-telling. The Government
14  recognizes its obligation under Brady and Giglio to provide material evidence that could be used
15  to impeach Government witnesses including material information related to perception,
16  recollection or ability to communicate. The Government objects to providing any evidence that
17  a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic
18  because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other
19  Constitutional or statutory disclosure provision.

20  **(13) Witness Addresses**

21  The Government has already provided Defendant with the reports containing the names
22  of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-
23  capital case, however, has no right to discover the identity of prospective Government witnesses
24  prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974
25  F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985));
26  United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum,
27  the Government will provide Defendant with a list of all witnesses whom it intends to call in its
28

1   case-in chief, although delivery of such a witness list is not required. See United States v. Discher,
2   960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).
3         The Government objects to any request that the Government provide a list of every witness
4   to the crimes charged who will not be called as a Government witness. "There is no statutory basis
5   for granting such broad requests," and a request for the names and addresses of witnesses who will
6   not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-
7   Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502
8   (D. Del. 1980)). The Government is not required to produce all possible information and evidence
9   regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8
10  (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery
11  of admissible exculpatory evidence are not subject to disclosure under Brady).
12        Defendant has also requested the names and last known addresses of every possible witness
13  to the crime alleged and of any overt acts committed in furtherance of the crime alleged.  Again,
14  absent a showing that the information is actually discoverable under Rule 16 or is exculpatory,
15  Defendant is not entitled to the information and his motion should be denied.
16        **(14) Names of Witnesses Favorable to the Defendant**
17        The Government willl comply with its obligations under Brady and its progeny. At the
18  present time, the Government is not aware of any witnesses who have made an arguably favorable
19  statement concerning Defendant.
20        **(15) Statements Relevant to the Defense**
21        Again, the Government will comply with all of its discovery obligations. However, "the
22  prosecution does not have a constitutional duty to disclose every bit of information that might
23  affect the jury's decision; it need only disclose information favorable to the defense that meets the
24  appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted). Specifically,
25  Defendant has requested copies of the grand jury transcripts.  As with many of Defendant's
26  requests, Defendant has failed to demonstrate that the information is actually discoverable under
27  Rule 16, or that it is exculpatory.  For these reasons, the motion should be denied.
28  //

**(16) Jencks Act Material**

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(17) Giglio Information**

As stated previously, the Government will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

**(18) Reports of Scientific Tests or Examinations**

The Government is not aware of any scientific tests or examinations at this time but, if any scientific tests or examinations were conducted or are conducted in the future, the Government will provide Defendant with any reports of any such tests or examinations in accordance with Rule 16(a)(1)(F).

**(19) Henthorn Material**

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets

1    the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir.
2    2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned
3    Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel
4    files is "material," the information will be submitted to the Court for an in camera inspection and
5    review.

6    **(20) Informants and Cooperating Witnesses**

7    If the Government determines that there is a confidential informant who has information
8    that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of
9    a cause," the Government will either disclose the identity of the informant or submit the
10   informant's identity to the Court for an in-chambers inspection. See Roviaro v. United States, 353
11   U.S. 53, 60- 61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

12   **(21) Expert Witnesses**

13   The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written
14   summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705
15   of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include
16   expert witnesses' qualifications, expert witnesses' opinions, and the bases and reasons for those
17   opinions.

18   **(22) Personnel Records of Government Officers Involved in the Arrest**

19   The Government objects to Defendant's requests that the Government reveal all citizen
20   complaints, and internal affair inquiries into the inspectors, officers, and special agents who were
21   involved in this case, regardless of whether the complaints or inquiries are baseless or material and
22   regardless of whether the Government intends to call inspectors, officers, and special agents to
23   testify.   As previously noted, the Government will comply with Henthorn and disclose to
24   Defendant all material incriminating information regarding the testifying Government inspectors,
25   officers, and special agents.

26   **(23)  Training of Relevant Law Enforcement Officers**

27   The Government objects to providing Defendant with a copy of all policies, training
28   instructions, and manuals issued by all law enforcement agencies involved in this case.  The

1  requested policies, training instructions, and manuals are irrelevant and do not fall within the scope
2  of Rule 16, or any other statutory or Constitutional disclosure provision.  Even if one or more of
3  the inspectors, officers, or special agents violated his or her own administrative regulations,
4  guidelines, or procedures, such violations would not result in the exclusion of evidence if
5  Defendant's Constitutional and statutory rights were not violated in this case.  United States v.
6  Caceres, 440 U.S. 741, 744 (1979); United States v. Hinton, 222 F.3d 664 (9th Cir. 2000).

**(24) Names and Contact Information for All Agents in the Field at the Time of Arrest**

Again, the Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant.  In his Motion Defendant additionally requests the name and contact information of every "agent to the crime or crimes charged... who will not be called as a Government witness."  Defendant's Motions to Compel Discovery, 9 (emphasis original).  Insofar as "agent to the crime" refers to co-defendants, Defendant is the sole defendant charged in this matter and that request is moot.

The Government also objects to a request including a list of agency-affiliated non-witnesses to the crime charged who will consequently not be called as witnesses. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).  The Government is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).  Again, absent a showing that the information is actually discoverable under Rule 16 or is exculpatory, Defendant is not entitled to the information and his motion should be denied.

**(25)   Agreements Between the Government and Witnesses**

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under Brady and Giglio.  See United States v. Kojayan,

8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002). As stated above, the Government will provide any Giglio information in connection with this case no later than two weeks prior to trial.

**(26) Residual Request**

The Government will comply with all of its discovery obligations, but objects to the broad and unspecified nature of Defendant's residual discovery request.

**(27) A-File**

The Government will produce documentation regarding any removals and/or proceedings that the Government intends to introduce at trial. Additionally, the Government does not object to setting up a viewing of the discoverable portion of Defendant's A-file at a time that is mutually convenient for the parties. However, the Government objects to providing the defendant with the entire A-file as Defendant has requested in his motion because the A-file contains attorney work product and other information that is not discoverable. Moreover, this information is equally available to Defendant through a Freedom of Information Act request. Even if Defendant could not ascertain the A-File through such a request, the A-File is not Rule 16 discoverable information. The A-File contains information that is not discoverable like internal government documents and witness statements. See Fed. R. Crim. P. 16(a)(2). Witness statements would not be subject to production until after the witness for the Government testifies and provided that a "motion" is made by Defendant. See Fed. R. Crim. P. 16(a)(2) and 26.2. Thus, the A-File associated with Defendant need not be disclosed. The Government has produced and will continue to produce documents it intends to use in its case-in-chief. Evidence is material under Brady only if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different. See United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). However, Defendant has not shown how documents in the A-File are material. Finally, Defendant does not own the A-File. It is an agency record. See United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997) (noting that A-File documents are admissible as public records).

**(28) Request for Preservation of Evidence**

After issuance of a an order from the Court, the Government will preserve all evidence

1  to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United
2  States objects to Defendant's blanket request to preserve all physical evidence. The United States
3  has complied and will continue to comply with Rule 16(a)(1)(c) in allowing Defendant an
4  opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is
5  within his possession, custody or control of the United States, and which is material to the
6  preparation of Defendant's defense or are intended for use by the United States as evidence in
7  chief at trial, or were obtained from or belong to Defendant, including photographs. The United
8  States has made the evidence available to Defendant and Defendant's investigators and will
9  comply with any request for inspection.

## III

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

## IV

## GOVERNMENT'S MOTIONS

**A. Government Motion For Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Because the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting");

1  Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence
2  of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth
3  Amendment).

**B. Government's Motion to Compel Reciprocal Discovery**

**1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**2. Reciprocal Jencks: Statements By Defense Witnesses**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

//

# V
# **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motions for reciprocal discovery and to compel a fingerprint exemplar.

DATED: July 16, 2008

                                    Respectfully submitted,

                                    KAREN P. HEWITT
                                    United States Attorney

                                    /s/ *Douglas Keehn*
                                    DOUGLAS KEEHN
                                    Assistant United States Attorney
                                    Attorneys for Plaintiff
                                    United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1902-WQH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| ROBERTO FELIX-ROCHIN, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, Douglas Keehn, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY, PRESERVE EVIDENCE AND GRANT LEAVE TO FILE FURTHER MOTIONS; GOVERNMENT'S MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    **KRIS J. KRAUS**
    Federal Defenders of San Diego
    225 Broadway Suite 900
    San Diego, CA 92101-5008
    (619)234-8467
    Email: Kris_Kraus@fd.org
    *Attorney for Defendant*

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on July 16, 2008

                                           /s/ *Douglas Keehn*
                                           DOUGLAS KEEHN